UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

George J. Coupe

   v.                                         Civil No. 11-cv-292-PB

Technology Investment
Partners, et al.[1]

## O R D E R

George Coupe has filed a complaint (doc. no. 1) in this court alleging that defendants have defrauded him, in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO").  Because Coupe is proceeding pro se, and has paid his filing fee, the matter is before the magistrate judge for a preliminary review to determine whether the court has subject matter jurisdiction over this action.  See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(A).

---

[1] Coupe initially named three defendants to this action, Technology Investment Partners ("TIP"), Kelly Neubecker, and Caine & Weiner.  On December 23, 2011, Coupe filed a notice of voluntary dismissal as to defendants TIP and Neubecker (doc. no. 11).  Accordingly, the only defendant remaining in the case is Caine & Weber.

**Discussion**

I.  <u>Standard of Review</u>

In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals.  See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003).  Applying this standard, the court finds that Coupe has invoked the subject matter jurisdiction of this court.

II. <u>Jurisdiction</u>

   A.  <u>Federal Question</u>

Coupe asserts that his claims against the defendant arise under RICO.  Section 1964(c) is a federal statute that provides a private right of action against

> [A]ny person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering or collection of unlawful debt.

18 U.S.C. § 1962(c).  A suit under RICO arises under federal law, and thus invokes the federal question jurisdiction of this

2

court.  See 28 U.S.C. § 1331 (placing original jurisdiction of civil actions arising under federal law in the district courts). Without commenting on the merits of Coupe's RICO claim, the court finds that Coupe has invoked the subject matter jurisdiction of this court.

    B.    Diversity Jurisdiction

The district court has subject matter jurisdiction over civil actions wherein the parties are citizens of different states, and the matter concerns an amount in controversy in excess of $75,000.00.  See 28 U.S.C. § 1332(a)(1).  A corporation is deemed to be a citizen of any state in which it has been incorporated, or where it has its principal place of business.  See 28 U.S.C. § 1332(c)(1).  Coupe alleges that Caine & Weber is a California corporation.  Coupe is a New Hampshire resident.  Coupe further alleges an amount in controversy in excess of $75,000.00.  Accordingly, Coupe has invoked the diversity jurisdiction of this court.

## Conclusion

The court finds that the complaint in this matter invokes both the federal question and diversity jurisdiction of this court and, therefore, has established the subject matter

jurisdiction of this court to consider the matter further. See 28 U.S.C. §§ 1331, 1332; LR 4.3(d)(1)(A).

    SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

January 19, 2012

cc: George J. Coupe, pro se