```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

**George J. Coupe**

    **v.**     Case No. 11-cv-292-PB
                                    Opinion No. 2013 DNH 015
**Caine & Weiner**


**O R D E R**

George Coupe sued Caine & Weiner Company, Inc. ("Caine"). Caine responded with a motion to dismiss arguing, among other things, that the court lacks personal jurisdiction to hear Coupe's claims.

In objecting to a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of persuading the court that personal jurisdiction exists. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009). Because I have not held a hearing on the motion, Coupe must make a prima facie showing that the court has personal jurisdiction over the defendant he has sued. Cossaboon v. Me. Med. Ctr., 600 F.3d 25, 31 (1st Cir. 2010).

A prima facie showing requires the plaintiff to "proffer[] evidence which, if credited, is sufficient to support findings

of all facts essential to personal jurisdiction." Lechoslaw v. Bank of Am., N.A., 618 F.3d 49, 54 (1st Cir. 2010) (internal quotation marks omitted).

Personal jurisdiction in a diversity action over a non-resident defendant depends on satisfying both the requirements of the forum state's long-arm statute and the due process requirements of the Fourteenth Amendment.  See Cossaboon, 600 F.3d at 29 n.1; N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 24 (1st Cir. 2005).  New Hampshire's long-arm statutes, RSA § 293-A:15.10 and RSA § 510:4, extend personal jurisdiction to the extent allowed by due process.[1]  Hemenway v. Hemenway, 159 N.H. 680, 685 (2010); see also N. Laminate Sales, 403 F.3d at 24; Jet Wine & Spirits, Inc. v. Bacardi & Co., Ltd., 298 F.3d 1, 7 (1st Cir. 2002).

A court may exercise either general or specific personal jurisdiction, depending on the nature of the defendant's contacts with the forum state.  Carreras v. PMG Collins, LLC, 660 F.3d 549, 552 (1st Cir. 2011).  In this case, Coupe does not allege that Caine regularly conducts business in New Hampshire.

---

[1] RSA is an abbreviation for New Hampshire Revised Statutes Annotated.

Thus, his only hope is to argue that the court has specific personal jurisdiction.  Specific personal jurisdiction has three parts. Adelson v. Hananel, 652 F.3d 75, 80 (1st Cir. 2011).  The first part asks "whether the asserted causes of action arise from or relate to the defendant's contacts with the forum"; the second asks "whether the defendant purposefully availed itself of the protections of the forum's laws by means of those contacts, such that the defendant could reasonably foresee being haled into the forum's courts"; and the third asks "whether an exercise of jurisdiction is consistent with principles of justice and fair play" in light of the so-called gestalt factors.  Carreras, 660 F.3d at 554 (internal quotation marks and citations omitted).  All three requirements must be satisfied to support a finding of specific personal jurisdiction. Negron-Torres, 478 F.3d at 24.

Viewed generously, Coupe's memorandum in opposition to Caine's motion to dismiss alleges that the court has personal jurisdiction over Caine because: (1) Coupe is a resident of New Hampshire and was injured here; (2) Caine sent a collection letter to Coupe in New Hampshire; and (3) Caine was in partnership with a former defendant who defrauded Coupe in New

3

Hampshire.  Relatedness, however, requires more than an allegation that the effects of a defendant's wrongful conduct have been felt in the forum state because the plaintiff is a New Hampshire resident.  See United States v. Swiss America Bank, Ltd., 274 F.3d 610, 623 (1st Cir. 2001).  Nor is it necessarily sufficient to merely allege, as Coupe does here, that the defendant's wrongful conduct is related to New Hampshire because the defendant sent a letter to the plaintiff's residence or business in New Hampshire.  See Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 137-38 (1st Cir. 2006).  Finally, although the acts of a partner can be relied on in some circumstances to satisfy the relatedness requirement with respect to other partners, see, e.g., Donatelli v. Nat'l Hockey League, 893 F.2d 459, 466 (1st Cir. 1990), a plaintiff must do more than allege the existence of a partnership in conclusory terms to survive a personal jurisdiction challenge.  See generally Carreras, 660 F.3d at 552 (discussing the prima facie standard).

In the present case, Coupe has failed to plead sufficient facts in response to Caine's jurisdictional challenge to satisfy the prima facie standard.  Accordingly, Caine's motion to dismiss (Doc. No. 24) is granted to the extent that it asserts

4

that the court lacks personal jurisdiction to consider Coupe's claims.

    SO ORDERED.

                                             <u>/s/Paul Barbadoro</u>
                                             Paul Barbadoro
                                             United States District Judge

February 5, 2013

cc:   George J. Coupe, pro se
      Jay M. Niederman, Esq.